IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-cv-00229-MOC-WCM

| | |
|---|---|
| SHANNON CAMPBELL, ) | |
| ) | |
| Plaintiff, ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| v. ) | |
| ) | |
| LBM INDUSTRIES, INC., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Before the Court is a Motion to Avoid Employer's Worker's Compensation Lien (the "Motion to Avoid," Doc. 10) filed by Shannon Campbell ("Plaintiff"), which has been referred to the undersigned.[1]

I. Relevant Background

The current record indicates as follows:

On June 9, 2022, Plaintiff and Qualla Enterprises, LLC ("Qualla") entered a written "Independent Contractor Agreement." Doc. 10-2.

On June 16, 2022, Plaintiff was injured when a forklift attachment for a skid steer, which attachment Qualla had previously rented from LBM

---

[1] Given that N.C.G.S. § 97-10.2 states that a request for the reduction or elimination of a workers compensation lien in a case that is pending in federal court may be considered by "a federal district court judge," the undersigned has addressed the Motion to Avoid through this Memorandum and Recommendation, rather than by a direct ruling.

1

Industries, Inc. ("Defendant"), fell on Plaintiff's foot. Doc. 1.

On October 26, 2022, Plaintiff filed this action, seeking damages for his injuries and alleging that Defendant "knew or should have known the fork's locking mechanism was damaged prior to delivering the machinery to the site." Doc. 1.

On November 21, 2022, Defendant answered, asserting in part that Plaintiff was contributorily negligent and that the negligence of Qualla was a superseding and intervening cause that insulated Defendant from liability. Doc. 5 at 3.

Plaintiff also initiated a workers' compensation claim against Qualla (the "Workers' Compensation Claim," see Doc. 10-4 at ¶ 3).[2]

On February 16, 2023, Plaintiff requested a hearing with the North Carolina Industrial Commission (the "Industrial Commission") regarding the Workers' Compensation Claim. Doc. 10-4 at ¶ 9 and at 29.

On May 31, 2023, Qualla filed a Denial of Workers' Compensation Claim, in which it asserted that the Industrial Commission lacked jurisdiction over the Workers' Compensation Claim because Qualla is "owned by a federally recognized Indian tribe, possessed of all sovereign powers and rights

---

[2] The record does not indicate the exact date when the Workers' Compensation Claim was filed.

2

Case 1:22-cv-00229-MOC-WCM   Document 16   Filed 03/05/24   Page 2 of 10

thereto…." Doc. 10-4 at ¶ 13; id. at 32.[3]

On September 18, 2023, Plaintiff filed the Motion to Avoid. Doc. 10. Qualla responded on October 2, 2023 and Plaintiff replied on October 10, 2023. Docs. 12, 13, 14. Defendant has not filed any response.

On January 5, 2024, Plaintiff filed a Notice of Settlement, representing that Plaintiff and Defendant have "executed a binding settlement agreement" with respect to the instant case. Doc. 15.[4]

As for the Workers' Compensation Claim, Qualla states that, in accordance with the rules of the Industrial Commission, the parties (presumably meaning Plaintiff and Qualla) have agreed to engage in mediation. See Doc. 12 at ¶ 5. However, the record does not indicate whether a settlement conference has occurred, or if any further action has been taken by the Industrial Commission with respect to the Workers' Compensation Claim. Consequently, the undersigned presumes that the Workers' Compensation Claim remains open and pending.

---

[3] In its response to the Motion to Avoid, Qualla also states that "Plaintiff in this matter was an independent contractor and the Worker's Compensation Law does not apply to independent contractors." Doc. 13 at 2. That argument, however, does not appear on the denial form that Qualla submitted to the Industrial Commission.

[4] It appears that the settlement between Plaintiff and Defendant was reached previously as the Motion to Avoid (which was filed on September 18, 2023) states that Plaintiff had settled his third-party liability claim with Defendant for $100,000. Doc. 10 at 1.

3

## II. The Parties' Positions

By the Motion to Avoid, Plaintiff moves, pursuant to N.C.G.S. § 97-10.2(j), for an order that extinguishes "any potential subrogation lien" held by Qualla in the settlement proceeds received by Plaintiff from Defendant. Doc. 10 at 1. Plaintiff contends that the elimination of any potential lien held by Qualla would be appropriate because Defendant previously raised the issue of Qualla's negligence in its Answer, Qualla failed to engage in the Workers' Compensation Claim process for nearly 11 months after Plaintiff's injury and has now asserted that it is immune from that claim, and the settlement between Plaintiff and Defendant will be inadequate to compensate Plaintiff. Doc. 10-1 at 1–2.

In response, Qualla argues that extinguishing its lien would be unfair because it was never given the opportunity to defend itself against a claim of negligence. See Doc. 12 at ¶ 9. Qualla asks the Court to deny the Motion to Avoid or, in the alternative, defer a decision on the Motion "until such time as the North Carolina Industrial Commission has made its determination related to compensability." Id. at 3.

## III. Discussion

The North Carolina Workers' Compensation Act allows a claimant to proceed against both an alleged third-party tortfeasor and the claimant's employer. See N.C.G.S. § 97-10.2(i) & (d); see also Easter-Rozzelle v. City of

4

Charlotte, 370 N.C. 286, 300 (2017) ("barring a plaintiff who has received funds from a third party from pursuing a workers' compensation claim contravenes the express language" of N.C.G.S. § 97-10.2(i)).[5]

However, where an employer has filed a written admission of liability for benefits with the Industrial Commission, or the Industrial Commission has entered a final award in favor of the employee, any amount obtained by the employee "by settlement with, judgment against, or otherwise from the third party" is to be disbursed by order of the Industrial Commission and in order of the priorities listed by statute. N.C.G.S. § 97-10.2(f).

Further, in any proceeding against or settlement with the third party, every party to the claim for compensation has a lien "to the extent of his interest" under Section (f) when any payment is made by the third party, and such a lien may be enforced against any person receiving the funds.

Generally, neither the employee nor the employer is authorized to make any settlement with or accept any payment from the third party without the written consent of the other. N.C.G.S. § 97-10.2(h). This limitation, however, does not apply in certain circumstances, one of which is where the employee or the third party follows the provisions of Section (j), which states in part:

---

[5] Because the Court is sitting in diversity, the substantive law of North Carolina applies. Talkington v. Atria Reclamelucifers Fabrueken BV, 152 F.3d 254, 260 (4th Cir. 1998) (citing Erie R.R. Co. v. Thompkins, 304 U.S. 64, 78 (1938)).

> Notwithstanding any other subsection in this section, … in the event that a settlement has been agreed upon by the employee and the third party, either party may apply to the resident superior court judge of the county in which the cause of action arose or where the injured employee resides, or to a presiding judge of either district, to determine the subrogation amount. After notice to the employer and the insurance carrier, after an opportunity to be heard by all interested parties, and with or without the consent of the employer, *the judge shall determine, in his discretion, the amount, if any, of the employer's lien, whether based on accrued or prospective workers' compensation benefits*, and the amount of cost of the third-party litigation to be shared between the employee and employer.

N.C.G.S. § 97-10.2(j) (emphasis added).

The statute also directs that, when determining the amount of the employer's lien, the court must "consider the anticipated amount of prospective compensation the employer or workers' compensation carrier is likely to pay to the employee in the future, the net recovery to plaintiff, the likelihood of the plaintiff prevailing at trial or on appeal, the need for finality in the litigation, and any other factors the court deems just and reasonable . . . ." N.C.G.S. § 97-10.2(j); see e.g., Strickland v. DAE Holdings, LLC, No. 1:11CV889, 2013 WL 3441636, at *5–9 (M.D.N.C. July 9, 2013) (analyzing the factors set out in N.C.G.S. § 97-10.2(j), specifically including the amount of settlement; the amount of prospective compensation the employer or its workers' compensation carrier was likely to pay in the future; and the likelihood that

the employer would have been found negligent based on portions of expert reports and depositions and the employer's violation of OSHA regulations).

The North Carolina Supreme Court has explained that "an employer's lien interest in third-party proceeds is 'mandatory in nature'...." Easter-Rozzelle, 370 N.C. at 300 (quoting Radzisz v. Harley Davidson of Metrolina, Inc., 346 N.C. 84, 90 (1997) (holding that, although the defendants had denied liability and there had been no award of workers' compensation benefits from the Industrial Commission, the defendants were still entitled to a lien interest in settlement proceeds and explaining that "if the employer is entitled to a lien for benefits 'to be paid,' this includes benefits awarded after the employee settles his third-party claim....")).

Accordingly, in this case, upon the payment of the settlement amount by Defendant to Plaintiff, a lien was created in favor of Qualla against those proceeds to the extent of Qualla's interest. N.C.G.S. § 97-10.2(h).

The question presented by the Motion to Avoid is whether such a lien should be reduced or eliminated under Section J. N.C.G.S. § 97-10.2(j); see also Kingston v. Lyon Const., Inc., 207 N.C. App. 703, 712 (2010) (affirming trial court's reduction of employer's lien to zero following recitation of lower court's "thorough consideration of the necessary statutory factors"); Leggett v. AAA Cooper Transp., Inc., 198 N.C.App. 96, 104 (2009) (affirming trial court's elimination of employer's worker's compensation lien where trial court's

7

findings of fact were "supported by competent evidence").

Here, though, Plaintiff's request that Qualla's lien be reduced or eliminated is premature.

As noted, Qualla has taken the position before the Industrial Commission that it has no liability for the Workers' Compensation Claim because it is immune from such a claim. Qualla also apparently contends that Plaintiff was an independent contractor of Qualla and not its employee, though it is unclear if this argument has been presented to the Industrial Commission.

Should the Industrial Commission find that Qualla has no liability for the Workers' Compensation Claim, Qualla would have no lien against Plaintiff's settlement with Defendant and it would be unnecessary for the Court to consider a potential reduction or elimination of such a lien under Section J.

On the other hand, should the Industrial Commission find Qualla to be liable to Plaintiff for workers' compensation benefits, Qualla would have a lien against the settlement proceeds. In that instance, an analysis of the request for reduction or elimination of the lien would be ripe. In addition, a more complete record—one that would be available after Qualla's liability is determined—is needed for the Court to perform the necessary analysis of whether Qualla's lien should be eliminated or reduced. For example, additional information could be presented, including "the anticipated amount of

8

Case 1:22-cv-00229-MOC-WCM    Document 16    Filed 03/05/24    Page 8 of 10

prospective compensation the employer or workers' compensation carrier is likely to pay to the employee in the future."

Further, as a practical matter, Qualla's filing indicates that Plaintiff and Qualla may be planning to engage in mediation regarding the Workers' Compensation Claim.

Consequently, it would be premature at this time to consider the reduction or elimination of any lien held by Qualla.

## IV. Recommendation

Based on the foregoing, the undersigned respectfully recommends that the Motion to Avoid Employer's Worker's Compensation Lien (Doc. 10) be **DENIED WITHOUT PREJUDICE** and that Plaintiff and Qualla be directed to provide reports regarding the status of the Workers' Compensation Claim every sixty (60) days, with the first being due within seven (7) days of the date of the Court's Order on the Motion to Avoid.

Signed: March 5, 2024

W. Carleton Metcalf
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636, and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).